IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIA ROBICHAUD,<br><br>Defendant. | No. 3:24-PO-00147-DMC<br><br><br><br>ORDER |

Defendant was charged with two counts, (1) 36 CFR 261.3(a) Threatening, Resisting, Intimidating, or Interfering with Forest Officer (F5236489), and (2) 36 CFR 261.53(e) Entering or Upon an Area Closed for Public Health or Safety (F5236490). See ECF No. 1. Pending before the Court is Defendant's motion to dismiss the first count, ECF No. 23. The Government filed an opposition, ECF No. 24, on April 17, 2025, and Defendant filed a reply, ECF No. 25, on April 21, 2025.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

Defendant was charged with two counts, (1) 36 CFR 261.3(a) Threatening, Resisting, Intimidating, or Interfering with Forest Officer (F5236489) and (2) 36 CFR 261.53(e) Entering or Upon an Area Closed for Public Health or Safety (F5236490). See ECF No. 1. The citation as to Count 1 states that "Female subject repeatedly interfered, resisted, and refused to identify. . . to [Officers] while Officers were attempting to contact subjects within the Indian Creek Headwaters Area and Road Closure." ECF No. 1-2, pg. 1.

Defendant filed a prior original motion to dismiss on March 24, 2025. See ECF No. 16. The Court granted the motion to dismiss as to Defendant's second count, finding that despite the opportunity to do so, the Government failed to present evidence that the requirements of 36 C.F.R. 265.51 (a) were satisfied when the closure order was issued. See ECF No. 21. Thus, Defendant could not be subject to liability under 36 C.F.R. 261.53(e) Entering or Upon an Area Closed for Public Health or Safety. The Court found that Defendant's first count was not addressed in the original motion to dismiss and directed Defendant to file a motion to dismiss as to that count, if Defendant was seeking dismissal of the first count. See id. Defendant filed the pending motion to dismiss as to the first count on April 10, 2025. See ECF No. 23. The Government filed an opposition, ECF No. 24, on April 17, 2025, and Defendant filed a reply, ECF No. 25, on April 21, 2025.

## II. ARGUMENTS

In her motion to dismiss, Defendant Robichaud argues that (1) the officer did not have authority to arrest Defendant, and (2) Defendant's conduct did not amount to interference with a Forest Officer. See ECF No. 23, pg. 1. As to the first argument, Defendant contends that because the closure order was invalid, the officer did not have authority to require Defendant to identify herself, "and therefore the officer's arrest of Ms. Robichaud was unlawful. Ms. Robichaud cannot be held liable for resisting or obstructing an order which was not lawfully given." Id. at 5. Defendant claims that because the closure order was invalid, the officers were not performing official duties. See id. at 7. Further, Defendant asserts that because the officers

2

1   gave the Rainbow Gathering 24-hours to clean up, which was outside of any directive from
2   their supervisors, the officers "set arbitrary times at which to enforce the closure on their own."
3   Id. Additionally, Defendant contends that her "polite refusal to identify herself" did not
4   "hinder[] officers' ability to protect, improve, and administer the forest." Id. Defendant cites
5   Christian in support, where the Ninth Circuit found refusing to identify oneself does not, alone,
6   justify an arrest. Id. (citing United States v. Christian, 356 F.3d 1103, 1106 (9th Cir. 2004)).
7   Defendant then argues that even if officers were acting pursuant to a valid order, Defendant's
8   conduct did not amount to an interference.  The Court does not include a summary of that
9   argument, for the reasons discussed below.
10          The Government's opposes this motion, arguing (1) validity of the closure order
11  does not affect the validity of the interference citation, and (2) Defendant's refusal to identify
12  was interference. ECF No. 24, pg. 3. As to the validity of the order, the Government relies on
13  the Ninth Circuit holding in Willfong. See id. In Willfong, the Court held that, even if the citing
14  officer officer was acting pursuant to an invalid order, Willfong "had no right to interfere . . . so
15  long as [the citing officer] was performing his official duties in the administration of the Forest
16  System." United States v. Willfong, 274 F.3d 1297, 1300-01 (9th Cir. 2001). The court
17  compared the situation to an arrest where "a person does not have the right to resist arrest even
18  if the charges are false or the arrest unlawful." Id. at 1301 (citing United States v. Cunningham,
19  166 U.S. App. D.C. 206 (1975)). The Government argues that this decision is controlling and,
20  because the officers here were relying on good faith on the closure order, the validity of the
21  closure order has no bearing on Defendant Robichaud's charge. See ECF No. 24, pg. 3.
22          In her reply, Defendant critiques the Government's reliance on Willfong,
23  contending that the Ninth Circuit distinguished Willfong's actions from a situation where an
24  individual is "asserting a significant constitutional right." ECF No. 25, pgs. 2-4 (quoting
25  Willfong at 1302 (citing District of Columbia v. Little, 339 U.S. 1, 6 (1950)). Defendant asserts
26  that she was "exercise[ing] [] her rights under the First Amendment's peaceable assembly and
27  free exercise doctrines" and such conduct "cannot constitute interference." Id. at 3-4.  Further,
28  Defendant argues that her conduct "did not directly interfere with USFS officers' ability to carry

out their official duties." Id. at 4.

### III. DISCUSSION

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Ninth Circuit has held that "a Rule 12(b) motion to dismiss is not the proper way to raise a factual defense . . . [nor] general issues of guilt or innocence." United States v. Nukida, 8 F.3d 665, 669-670 (9th Cir. 1993) (citing United States v. Smith, 866 F.2d 1092, 1096 n.5 (9th Cir. 1989); United States v. Snyder, 428 F.2d 520, 522 (9th Cir. 1970)). Instead, the proper procedure is a motion for a judgment of acquittal pursuant to Rule 29. See id. at 672-73. The Court in Nukida reasoned that factual defenses should be raised at trial in order to preserve factual determinations for juries, which is inapplicable here given this case is set for a bench trial, and because it allows "the facts [to be] fully developed before disposition of the case." Id. at 670.

Defendant's argument that her conduct does not amount to an interference is a question of guilt or innocence and goes to exactly what a trial on the merits will address – whether Defendant's actions amount to a violation of 36 CFR 261.3(a). Indeed, every one of the cases cited by Defendant had a bench trial and the relevant issues were addressed either in the judge's decision resulting from the bench trial or subsequent appeals, not in motions to dismiss.[1]

Defendant argues that the Officers did not have the authority to arrest Defendant in part because Defendant was protecting a constitutional right, and thus, Little controls. See ECF No. 25, pgs. 2-4. The Court in Little concluded that "had the respondent not objected to the officer's entry of her house without a search warrant, she might thereby have waived her constitutional objections." Little, at 7. In other words, Little's refusal to comply was necessary

---

[1] The only case that did not have a bench trial was District of Columbia v. Little. See District of Columbia v. Little, 339 U.S. 1 (1950). However, the Court's opinion indicates that Little was convicted in an administrative hearing. Thus, there was a trial (which likely was not a jury trial) and the constitutional issue was raised on appeal, not as a motion to dismiss.

to preserve her Fourth Amendment right because, absent refusal to comply, the right would have been waived. Thus, the question here is: was Defendant Robichaud's conduct the Government characterizes as interference necessary to preserve her First Amendment rights. The Court finds that, to answer this question, a further development of the facts is necessary. Thus, the Court will deny the motion to dismiss without prejudice to Defendant raising such arguments, as appropriate, as a motion for a judgment of acquittal pursuant to Rule 29.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to dismiss, ECF No. 23, is DENIED without prejudice.

2. This matter is set for a bench trial before the undersigned in Sacramento, California, on June 27, 2025, at 1:30 p.m.

Dated:  April 28, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE